Argued and submitted June 22, judgment modified, remanded for resentencing September 5, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# ELMER LEWIS McKINNEY,
*Appellant.*

(C83-03-31222; CA A29060)

687 P2d 167

Carla D. Thompson, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a criminal case in which defendant was convicted of robbery. He appeals, assigning three errors, only one of which requires discussion. He argues that the judgment finds him guilty of Robbery III—a Class C felony—but then impermissibly imposes a sentence of 10 years with a five-year minimum—a Class B felony sentence. We agree a mistake has been made and therefore remand for entry of a new judgment.

Robbery in the third degree is a Class C felony. ORS 164.395(2). The maximum sentence that may be imposed for a Class C felony is five years. ORS 161.605(3). The judgment in this case nonetheless imposes a 10-year sentence. Obviously, a mistake has been made, but in what—the conviction or the sentence?

Defendant was indicted for robbery in the *second* degree. ORS 164.405. The jury, by its verdict, convicted him of that offense. The trial court, at sentencing, purported to sentence him for that offense. Thereafter, however, the trial court signed a judgment that states that defendant had been convicted of "ROBB III." It is from that judgment that defendant appeals.

There has been a scrivener's error. The judgment was obviously supposed to indicate that defendant was found guilty of Robbery II, not III. As it happened, however, defendant filed his notice of appeal before the error could be corrected. The defendant's purported conviction for robbery in the third degree is vacated and, pursuant to our authority under Or Const, Art VII (Amended), § 3, a judgment of conviction for robbery in the second degree is imposed.

Normally, in further exercising our authority under Or Const, Art VII (Amended), § 3, we would simply impose the sentence that should have been imposed. We shall not do so in this case, however, because we are not entirely sure what sentence the trial judge may now wish to impose. After defendant had filed his notice of appeal, the judge twice entered amended judgments in this case. One of those two judgments does not include a five-year minimum sentence; the

other does. Under the circumstances, we believe that defendant should be resentenced.

Judgment modified to reflect a conviction for robbery in the second degree; remanded for resentencing.